CHARLES G. LORING, Administrator, *vs.* JOHAN F. STEINEMAN and others.

A decree of distribution, made by a probate court, after such notice as is prescribed by statute, or, if no statute require notice, after such notice as the court, in its discretion, shall think proper to order, is so far conclusive as to protect an administrator, acting in good faith, in conforming to it.

A decree of distribution is not to be made in the general terms, used in the Rev. Sts. *c.* 60, to designate the heirs at law of an intestate, *viz.* " his brothers and sisters, and the children of any deceased brother or sister," &c. ; but the probate court is to ascertain who are the existing individuals entitled to distribution, and to decree distribution to them by name.

When a person leaves his usual home and place of residence, for temporary purposes, and is not heard of, or known to be living, for the term of seven years, the legal presumption is that he is dead.

THIS was an appeal, by the administrator of the estate of John B. Steineman, from a decree of distribution made by the judge of probate for this county.

The parties submitted the case to the decision of the court upon the following facts : John B. Steineman, a native of Germany, who had resided in this Commonwealth several years, died intestate, in 1835, at the asylum for the insane, in Charlestown. At his decease, his property was in the hands of Samuel Hubbard, Esq. who had previously been appointed his guardian. On the 25th of July, 1836, the appellant was, at the request of said guardian, and of a relative and representative

Loring, Administrator, *v.* Steineman & others.

of the deceased, appointed administrator of said deceased's estate, and accepted said trust.   It was understood, at the time, between said administrator and the parties at whose request he took upon himself said trust, that he might, if he should deem it needful, require a judgment of some competent tribunal, compelling him to distribute the estate, before making any distribution thereof.

On the 13th of May, 1839, said administrator presented his first account of his administration, which, after the usual notices and publications, was allowed ; and which showed a balance in his hands of $ 12,844·01, for distribution.   He thereupon presented a petition to the judge of probate, setting forth, ac cording to his best information and belief, that Johan F. Steineman, a brother of said intestate, and three sons (naming them) of Johan H. Steineman, deceased, another brother of said intestate, and Bernhard Lucas Steineman, likewise a brother of said intestate, *if he were living*, were, by the laws of the duchy of Oldenburg, of which the intestate was a native, and by the laws of this Commonwealth, his heirs, entitled to the property in said administrator's hands.   Said administrator further represented to the said judge, that he had been informed, and believed, that said Bernhard Lucas Steineman was dead, leaving no issue ; and that, if he were so dead, the other parties before named would be entitled to the share of said estate, which the said Bernhard L. would have had, if living ; but that said administrator, having no satisfactory legal evidence of the death of said Bernhard, was unwilling to pay over such share, without the authority of a judgment or decree of court, according to the understanding (above mentioned) upon which he took administration on said estate.   Wherefore the said administrator prayed that distribution might be decreed to the heirs at law of said deceased, agreeably to law.

The judge of probate ordered no notice to be given upon said petition, nor concerning said intended distribution, and at the hearing of said administrator, thereupon decreed, that the sum in his hands should be distributed and paid over, one half to Johan F. Steineman, a brother of the intestate, and the other half to

the three sons (naming them) of his deceased brother, Johan H. Steineman.

From this decree, said administrator appealed, and filed the following reasons therefor. 1. That said decree, if conformed to by said administrator, would not protect him against the claim of Bernhard Lucas Steineman, a brother of said intestate, to a share of said estate, if living, nor against the claim of his heirs at law, if he deceased married or leaving issue, nor against the claim of his legal representatives. 2. That there is no sufficient evidence, that the persons to and among whom the said estate is, by said decree, ordered to be distributed, are the only heirs at law of said deceased. 3. That said decree is contrary to the laws of the land, and ought, for other good and sufficient reasons, to be revoked and annulled.

It was agreed by the parties, that the intestate was insane about three years, and that some of his said heirs were, either before or after his decease, apprized of this fact ; and that neither the said Bernhard Lucas Steineman, or any issue of his, ever appeared, to make claim on Mr. Hubbard, the guardian, for any part of his estate ; and that said guardian had no knowledge of the existence of said Bernhard, or of any issue of his, other than that obtained by the depositions hereafter mentioned.

After this appeal was entered in this court, the appellees obtained depositions from their native place and that of the intestate, in the duchy of Oldenburg, satisfactorily proving that they are the heirs at law of said intestate.

It also appeared from said depositions, that said Bernhard Lucas Steineman left the residence of his mother, unmarried, about thirty-seven years ago, to engage as a sailor in a vessel ; that within two or three years afterwards, he engaged as mate of a vessel at Lisbon, and had never since been heard of at his native place or place of last residence. The deponents, on these grounds, expressed their belief that he had long been dead without issue.

The case was argued in writing ; and the grounds of argument fully appear in the opinion of the court. It was understood, that the case was brought into this court merely for the purpose

of obtaining a final decree, which should effectually protect the appellant.

*Dehon,* for the appellant.

*S. Hubbard* and *Atwood,* for the appellees.

SHAW, C. J.    This is an appeal from a decree of the probate court of this county, directing a distribution of the estate of John B. Steineman, a German, who had resided many years in this country, and died intestate, in 1835, leaving a considerable amount of property.    He left no wife nor issue, but left collateral relations living in the duchy of Oldenburg.    The probate court decreed a distribution of the estate, to one brother of the deceased, one half ; and to the three children of a deceased brother, as representatives of their father, one sixth each.    No distributive share was assigned to Bernhard Lucas Steineman, a brother, who was proved once to have been living, but of whose decease no positive evidence was given.

Whether, under the actual circumstances of the present case, the decree of distribution, made in the court below, would have been conclusive against the claims of any other person, or would have protected the administrator, may admit of great doubt. These circumstances were, that the decree was made upon the motion and representation of the administrator himself, without the application of any party in interest ; that no notice was given, and that no proof of the facts of the existence or death of the collateral relations of the deceased intestate, was laid before the probate court.    It rather appears to have been a decree *pro forma,* taken for the purpose of bringing the case before this court by appeal.

We can entertain no doubt, that the judgment of a probate court. duly made, after such notice as the statutes require, or if they require no notice, then after such notice as the court, in its discretion, acting upon the circumstances of the case, may think proper to order, must be deemed in its nature so far conclusive, as to protect an administrator, acting in good faith, in conforming to it.    The distribution of an intestate estate is within the peculiar and exclusive jurisdiction of the probate court, exercising, in this respect, the jurisdiction of the ecclesiastical courts    The

administrator is compellable to submit to it. It is a part of the obligation of the bond, which he is by law bound to give, on taking administration, to distribute the residue of the estate as the court of probate shall order. A refusal to pay a distributive share, on demand, is *ipso facto* a breach of the bond, and a distributee, after demand of payment and refusal, may forthwith bring an action on the probate bond, for his own benefit, without any permission or authority of the judge. In such action on the bond, a decree of distribution, not appealed from, is conclusive of the right of the distributee, and its validity cannot be drawn in question by any pleading or proof.

The authorities, as to the conclusive effect of a judgment of a court of competent jurisdiction upon the subject matter to which it extends, and upon all parties and privies, are so numerous, that the only difficulty is in the selection. 2 Evans's Poth'er (Philad. ed.) 301, *et seq. Homer v. Fish*, 1 Pick. 435 *Smith v. Lewis*, 3 Johns. 157. *Philips v. Hunter*, 2 H. B 414. *Baxter v. New England Marine Ins. Co.* 6 Mass. 277

But it is said, that in order to give a binding effect to a judicial decision, the court must have jurisdiction of the subject matter and of the parties. The latter part of this proposition applies more especially to a contest between party and party, as to real or personal rights. But in many cases, courts of peculiar jurisdiction have jurisdiction of the subject matter absolutely, and persons are concerned incidentally only, according to their respective rights and interests ; as in a question of prize, the jurisdiction of the court of admiralty extends to the question whether prize or not, and, by adjudicating upon that question, settles it definitively, in regard to all persons interested in that question, whether they have notice or not.

And we think the distribution of an intestate estate is analogous. The subject matter, the property, is within the jurisdiction of the court, and the judgment, by determining who are entitled to distributive shares, and extending to the entire estate, determines that no other persons are entitled, and is necessarily conclusive, because nothing further remains to be distributed. The persons interested, especially when foreigners, cannot be

brought before the court, unless they choose to present them-selves, and make their claims, upon such actual or constructive notice as the law requires.

But it is said, that the law gives no express direction, that any particular notice shall be given ; and we believe this is true. The reason probably is, that in the great majority, indeed in nearly all the cases of persons dying intestate, in this Common-wealth, the heirs and distributees will be the children, parents, brothers, and sisters, or other near connexions, who will be in a condition to have actual notice of all the steps taken in the settle-ment of the estate. In the few extraordinary instances of foreign-ers dying here, being so diverse in their nature and circumstan-ces, it is competent for the probate court to give such notice as will be most likely to reach the parties in interest. This court, sitting as a court of probate, in case of an English subject dying here, has ordered notice to be published in some gazette in Lon-don. But whatever the notice is, it is such as the law deems ad-equate constructive notice, to warrant the court of probate in decreeing an actual and final distribution of the estate.

It was, however, urged, in the argument, that the law is im-perative, directing how the estate shall be divided, and that any other distribution would be erroneous. The statute is in the al ternative ; the estate is to go successively to children, if any, or to father or mother, brothers, and sisters, and children of de-ceased brothers, and sisters, &c. The decree of distribution, therefore, involves the necessity of inquiry into questions of fact, namely, whether there be any children, and if not, any father, &c., and, if proved to have been once living, whether they were liv-ing at the time of the intestate's decease. It is true, that the statute directs explicitly who shall be entitled to the estate ; but it necessarily directs this in general terms, and then it is neces-sary for the court to inquire, and by its decree determine, ac-cording to the state of facts, what persons in particular are so entitled in the particular case ; and in deciding these questions of fact, the probate court must be governed by those rules of evidence, and those presumptions of fact from circumstances, which are resorted to by all other tribunals in determining ques

18 *

tions of fact. The court may be deceived by perjury, misled by specious circumstances, and from various causes come to wrong conclusions. But this may happen in any other mode, in which the truth of facts may be determined. But the possibility of falling into mistake cannot deter the court from acting, and, when all the means of ascertaining the truth are exhausted, cannot prevent the judgment from being at least so far conclusive as to protect all those who are compelled to act under it and to abide by its final adjudication.

It was suggested, that a share might be reserved for Bernhard Lucas Steineman, or his lawful heirs, if he left any, in general terms, or in a hypothetical form. But if so, how long should it be reserved ? When and how should a definitive decree be made ? The very purpose of a court is to take the law, which must, from its nature, be expressed in general terms, and apply it to particular persons and things. The law says a surviving brother shall inherit ; the court decides whether Bernhard Lucas was a surviving brother. So the law says, if he is dead, leaving children, they shall inherit. It would be inconsistent with the first principles of judicial proceedings for the court to direct the administrator to pay to Bernhard Lucas, if living, or to such children, if there be any, leaving him to determine the question of fact. The court must determine, as a fact, from the best means in its power, whether there was such a brother surviving, or whether there be any such children, and, if so, decree them a share personally and by name, and determine the amount due to each. And as the court must make an entire distribution, it is equally bound to decide the negative ; and if it finds, upon this proof, that there was no such brother surviving, and no lawful issue of such brother, then those who do survive are entitled to the whole.

The fact must govern ; whether that fact be proved by positive or circumstantial evidence, by strong or slight inferences, still, when lawfully proved in any mode, the fact must govern the adjudication.

It was suggested in the argument, that a proper course would be, to withhold the share of Bernhard Lucas, until the administrator should be compelled to pay over, by a judgment in a suit

to be brought against him by the appellees. But we know of no mode in which any such suit can be brought and judgment obtained. There could be no suit on the bond till after a refusal to pay a distributive share on demand ; and there could be no demand without a decree of distribution in the probate court No direct suit can be brought by an heir for a distributive share, because it can only be known by the settlement of the account of the administrator, and a decree thereon in the probate court, that the assets may not be required for the payment of debts, or that there will be any residue to be distributed. The proper, if not the exclusive remedy of an heir claiming a distributive snare, is to cite the administrator to settle his account, and, if there be a surplus appearing on such account, to apply to the probate court to make a decree of distribution according to law.

The only remaining question is a question of fact upon the evidence. It is a well settled rule of law, that upon a person's leaving his usual home and place of residence for temporary purposes of business or pleasure, and not being heard of, or known to be living, for the term of seven years, the presumption of life then ceases, and that of his death arises. 2 Stark. Ev. 457. *Doe* v. *Jesson,* 6 East, 85. But this presumption may be rebutted by counter evidence, *Hopewell* v. *De Pinna,* 2 Campb. 113, or by a conflicting presumption. *The King* v *Twyning,* 2 Barn. & Ald. 386.

This presumption is greatly strengthened, when the departure of an individual was from his native place, the seat of his ancestors, and the home of his brothers and sisters, and family connexions; and still further, when it was to enter upon the perilous employment of a seafaring life and when he has not been heard of, by those who would be most likely to know of him, for upwards of thirty years. All these circumstances concur in the present case, and the court are all of opinion, that they go fully to establish the fact of the death of Bernhard Lucas Steineman.

There is no presumption that he married, or, if that were proved, that he left issue. It is a fact to be proved, if relied on to defeat the appellees' claims, and the burden of proof of the affirmative lies on the party who avers it.

*Decree of the probate court affirmed*